# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LAURENT KOULADOUMNGAR,          :

    Petitioner,                  :

vs.                             :       06-0648-CG-C

DAVID O. STREIFF, etc., et al., :

    Respondents.

## REPORT AND RECOMMENDATION

On October 10, 2006, Laurent Kouladoumngar, a native and citizen of Chad ordered removed from the United States, petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed, without prejudice to being filed at a later date, because Kouladoumngar is no longer in the custody of the United States Immigration and Customs Enforcement ("ICE") arm of the United States Department of Homeland Security.

## FINDINGS OF FACT

1.      Kouladoumngar is a native and citizen of Chad who entered the United States in February of 1998 on a student visa. (Doc. 10, SUMMARY ORDER, at 2) Petitioner left the United States in May of 1999 to seek asylum in Canada. (*Id.*) "Canada ultimately denied his asylum application in April 2003, and returned Kouladoumngar to the United States border, where he was placed in detention." (*Id.*)

2.      On August 27, 2003, Immigration Judge John B. Reid denied petitioner's applications for asylum and for withholding of removal and ordered him removed to his native Chad or France. (Doc. 10, ORDER OF THE IMMIGRATION JUDGE) The Board of Immigration Appeals entered a per curiam order on January 14, 2004 which affirmed, without opinion, the decision of the immigration judge. (Doc. 10, January 14, 2004 ORDER)

3.      On February 6, 2004, Kouladoumngar filed a petition for writ of habeas corpus relief in the United States District Court for the Western District of New York. (Doc. 10, Western District of New York Docket Sheet) By order dated June 21, 2005, United States District Judge Richard J. Arcara transferred the petition to the Second Circuit Court of Appeals. (Doc. 10, June 21, 2005 ORDER ("[T]o the extent that the District Court has entered a stay of removal,

said stay remains in place until further notice from the Court of Appeals.")) On August 11, 2006, the Second Circuit entered a summary order which reads, in relevant part, as follows: "[T]he petition for review is GRANTED in part with regard to the withholding of removal claim and DENIED in part with regard to the asylum and CAT claims, the BIA's order is VACATED in part, and the case REMANDED for proceedings consistent with this order. The motions for withholding of removal and relief under CAT are DENIED. Having completed our review, we VACATE the stay of removal that the Court previously granted in this proceeding." (Doc. 10, SUMMARY ORDER)

   4. In his habeas petition filed on October 10, 2006, Kouladoumngar's sole argument was that his continued custody by ICE violated the provisions of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (*See* Doc. 1, at 5)[1] Significantly, petitioner sought immediate release from custody under an order of supervision pending his removal from the United States. (*See id.* at 1, 2, & 6)

---

[1]  In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689, 121 S.Ct. at 2498.

5. By per curiam order dated January 24, 2007, the Board of Immigration of Appeals remanded the record "to the Immigration Judge for further proceedings consistent with the [Second Circuit's] decision." (Doc. 23, Exhibit A)

6. On March 30, 2007, Kouladoumngar was released from ICE custody after posting a $1,500.00 bond. (Doc. 23, Exhibit B; *see also id*., Exhibit C) Petitioner is now residing at the following address: 455 Rhode Island Street, Apartment 1, Buffalo, New York 14213. (Doc. 23, Exhibit B)[2]

## **CONCLUSIONS OF LAW**

1. "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *He v. Gonzales*, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody and thereby has garnered the relief sought in filing his habeas corpus petition the issue becomes whether there is any longer

---

[2] The Clerk of Court is directed to serve a copy of this report and recommendation, as well as a copy of any and all documents returned to the Court as undeliverable to petitioner, on Kouladoumngar at his Buffalo, New York address.

a live case or controversy or, instead, if the petition has become moot. *See id*.

2. As recognized by the Eleventh Circuit, "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Soliman*, 296 F.3d at 1242.

> As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact. "dismissal is required because mootness is jurisdictional."

*Id*. (internal citations omitted).

3. Several district courts have determined that where an alien is released from ICE custody pending removal from the United States "his petition for *habeas* relief under *Zadvydas* is moot." *He, supra*, 2006 WL 1687796, at *1; *see also Abdalla v. Ashcroft*, 2004 WL 2315089, *2 (W.D. N.Y. 2004) ("As, however, Petitioner does not dispute he was released from

administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), *adopted by Abdalla v. Ashcroft*, 2004 WL 2491646 (W.D. N.Y. 2004).

    4.    This case is indistinguishable from *He* and *Abdalla*. Accordingly, this Court finds that Kouladoumngar's petition for writ of habeas corpus is now moot because there exists no active case or controversy. This Court can no longer order the federal respondents to release petitioner under an order of supervision, as requested in the petition, because Kouladoumngar has already been released from the custody of ICE and is now residing in Buffalo, New York. "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman, supra*, 296 F.3d at 1243, quoting *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998). Dismissal of the instant petition is required since mootness is jurisdictional.[3]

---

[3]     The Eleventh Circuit has recognized an exception to the mootness doctrine which the undersigned does not find applicable in the instant case.

    Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional situations.'" In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Simply put, "[t]he remote possibility that an event might recur is not enough to

## CONCLUSION

The Magistrate Judge recommends that Kouladoumngar's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED WITHOUT PREJUDICE** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 6th day of June, 2007.

>s/WILLIAM E. CASSADY
>**UNITED STATES MAGISTRATE JUDGE**

---

overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."

*Soliman*, 296 F.3d at 1242-1243 (internal citations omitted; emphasis in original). There is simply nothing to suggest that Kouladoumngar will be placed back into the custody of ICE before ICE obtains a travel document allowing for petitioner's immediate removal from the United States and his return to his native country of Chad or France. Accordingly, the foregoing exception to the mootness doctrine is inapplicable.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        s/WILLIAM E. CASSADY
                                        UNITED STATES MAGISTRATE JUDGE